UNITED STATES DISTRICT AND BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPH RANDOLPH MAYS, pro se
FCI GILMER
PO BOX 6000
GLENVILLE, WV 26351-6000
REG#: 43487-007

    Plaintiff,

VS.

FEDERAL BUREAU OF PRISONS
US DEPARTMENT OF JUSTICE
320 FIRST STREET NW
WASHINGTON, DC 20534,

    and

OFFICE OF INFORMATION POLICY
US DEPARTMENT OF JUSTICE
1425 NEW YORK AVENUE NW
SUITE 11050
WASHINGTON, DC 20530

    Defendants.



Case: 1:20-cv-02197
Assigned To : Unassigned
Assign. Date : 8/10/2020
Description: FOIA/Privacy Act (I-DECK)

## COMPLAINT

1. The Plaintiff brings this action seeking injunctive relief, pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331, and judicial review pursuant to 5 U.S.C. §§ 701-706, for the failure of the Federal Bureau of Prisons to produce the records/information requested by

Page 1 of 21

the Plaintiff and the breach of the duty to use accurate records in the making of an administrative determination. The Plaintiff brings this action against the Office of Information Policy for failing to make the Federal Bureau of Prisons accountable for the latter, and withholding info.

# I. JURISDICTION

1. The District Court of the District of Columbia has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

# II. VENUE

2. The District Court of the District of Columbia is the proper venue because of the FOIA venue provision pursuant to 5 U.S.C. § 552(a)(4)(B) and the Federal Bureau of Prisons and the Office of Information Policy are located in Washington, DC, which is where the records are located.

# III. PLAINTIFF

3. Plaintiff, Joseph Randolph Mayr, is an inmate at FCI Gilmer, located in Glenville, West Virginia.

# IV. DEFENDANTS

4. The Federal Bureau of Prisons was at all times relevant to this action a federal government agency that is run by a Director, who reports directly to the United States Attorney General, and was acting under color of federal law. The Federal Bureau of Prisons' central office is located at 320 First Street NW in Washington, DC 20534. The Bureau of Prisons, under the direction of the Attorney General shall -- (1) have charge of the management and regulation of all Federal penal and correctional institutions; (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise; 3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States. - 18 U.S.C. § 4042.

5. Office of Information Policy is located in Washington, DC and is run by a Director who reports directly to the Associate Attorney General and was acting under color of federal law.

6. The U.S. Attorney General is an agent, for the Federal Bureau of Prisons and the Office of Information Policy, under color of federal law.

7. The U.S. Attorney for the District of Columbia is an agent for the Federal Bureau of Prisons and the Office of Information Policy, under color of federal law.

# V. FACTUAL ALLEGATIONS

8. The Plaintiff was retaliated against, for filing a grievance against FCI Butner I (Medium) staff members Warden T. B. Smith, Associate Warden S. Ma'at, and UNICOR Factory Manager Janie Hoskins, in August 2016.

9. As to paragraph 8., the Plaintiff was subjected to the following retaliatory actions: 1) he was fired from his $200/month job at UNICOR, 2) he was placed in administrative detention and not given a hearing to learn of the charges levied against him, and 3) he was transferred to a disciplinary institution.

10. As to paragraph 9., the Plaintiff asked SIS Officers Glass and Slaydon, Case Manager Halfast, Captain Leslie, Unit Manager Willis, who were all at FCI Butner I (Medium) with the Plaintiff, and SHU Review Officer Lassiter for information on the reason(s) he was placed in the SHU.

11. As to paragraph 10., he WAS NOT provided this information.

12. As to paragraph 11., SIS officer Glass told the Plaintiff that he would need to get a subpoena to see the SIS Report. See Declaration of Joseph R. Mays

13. The Plaintiff sent a Freedom of Information Act (herein referred to as FOIA) request via Certified Mail (Receipt Number: 7015 0640 0006 5244 4020) to the Federal Bureau of Prisons' (herein referred to as FBOP) Office of General Counsel FOIA Service Center. See Exhibit 1.

14. The Plaintiff had requested a copy of his Form 409, which describes the alleged reason(s) he was placed in administrative detention and subsequently transferred, but being "under investigation" doesn't tell a person WHY they are being investigated.

# V. FACTUAL ALLEGATIONS

15. The Plaintiff had also requested a copy of the UNICOR Maintenance Activity Log Book (2016), which was an Excel spreadsheet that the Plaintiff had created to track maintenance activity.

16. As to paragraph 15., the Plaintiff had also asked for the permission of all of his documents, which included documents that had been printed out and were either laying on his former desk or filed inside the desk.

17. As to paragraphs 15. and 16., the Plaintiff never received this document, which would have rebutted a claim of malingering by Factory Manager Jamie Hoskins and Supervisor Humphries.

18. The Plaintiff also requested a copy of his work performance evaluations (UNICOR/FPI Form 44) and the Inmate Industrial Employment Action (UNICOR/FPI Form 96).

19. As to paragraph 18., the Plaintiff needed the Form 44s to show his good (actual) performance versus the defendants' falsified poor performance of the Plaintiff. (NOTE: FCI Butner defendants)

20. As to paragraph 18., the Plaintiff needed the Form 96 to reveal the alleged reason(s) he was terminated WITHOUT grounds or notice.

21. The FBOP responded in a letter (Request Number 2017-02957-6 pages), dated March 9, 2017 and provided 1) the Form 409 (Request for Transfer/Management Variable), 2) UNICOR Form 96 (UNICOR Work Performance Document), and 3) (1) Form 44 (UNICOR Work Performance Record). See Exhibit 2

22. As to paragraph 21., the UNICOR Form 96 was redacted, at the bottom, and there is NO acknowledgement from the Plaintiff or a signature to show he refused to acknowledge the firing and the reasons stated.

Page 5 of 21

# V. FACTUAL ALLEGATIONS

23. As to paragraph 21., the UNICOR Form 44 (UNICOR Work Performance Document) shows a contrast, in the Plaintiff's favor, from the version of the facts submitted by those defendants.

24. As to paragraph 21., the FBoP only sent ONE page (two (2) six month time periods), which was inadequate considering the fact that the Plaintiff had been at that UNICOR since October 2012. See Exhibit 3 paragraph 3

25. The Plaintiff filed an appeal, dated March 28, 2017 (14 pages), to the Director of the Office of Information Policy at the US Department of Justice, due to the failure of the FBoP to produce the records the Plaintiff requested. See Exhibit 3

26. The Plaintiff was delayed mailing it out due to a lockdown. (Certified Mail Receipt Number: 7016 1370 0001 8032 0168)

27. As to paragraph 25., the Plaintiff emphasized to the Director of the Office of Information Policy that the documentation against him was false and that he had suffered losses as a result of those adverse actions and the continued withholding of information that could have been used in his defense.

28. As to paragraph 27., the reason those documents needed to be brought forward/produced was to allow the Plaintiff an opportunity for the fair application of justice (i.e., due process).

29. The Plaintiff filed a seperate FOIA request (6 pages), dated March 29, 2017, based on the false allegations in the Form 409 that was produced in response to his request dated January 29, 2017. See Exhibit 4 and 1

30. As to paragraph 29., the Plaintiff asked for a copy of the SIS Report for the alleged incident dated August 11, 2016.

Page 6 of 21

# V. FACTUAL ALLEGATIONS

31. As to paragraph 29., the Plaintiff asked for a copy of the "flyer" that these defendants [wrongfully] inferred that he was associated with it and whatever was in that document (i.e. What is the Plaintiff's connection to and involvement in the activities outlined in the flyer).

32. As to paragraph 29., the Plaintiff asked for a copy of the information on how, when, where, etc., that these "flyers" came to be, people who assisted me, and the date they were put into circulation.

33. As to paragraph 29., the Plaintiff also asked for a copy of all [logged] access to his UNICOR computer (Access Account Number: 43487-007), and the date that his computer account was closed.

34. As to paragraph 33., the Plaintiff had made this inquiry to see if someone had used his computer account maliciously.

35. The Plaintiff once again emphasized the need for the prompt receipt of these documents and/or information from the FBOP to fairly and adequately defend himself against false accusations by FBOP staff members.

36. As to paragraph 29., the FBOP responded (5 pages - Request Number 2017-04802), on May 23, 2017, to the Plaintiff's FOIA request dated March 29, 2017. See Exhibit 5

37. As to paragraph 36., the FBOP stated that I [ONLY] requested all documentation related to the SIS Investigation dated August 11, 2016.

38. As to paragraph 37., the Plaintiff had asked the FBOP for FOUR (4) items: 1) SIS Investigative Report (Entire Report), 2) Copy of the flyers that were "circulating throughout the Federal Bureau of Prisons", 3) a copy of [logged] access to his UNICOR computer Access Account (43487-007), and 4) the date that account was closed.

# V. FACTUAL ALLEGATIONS

39. As to paragraph 37., the Plaintiff received the SIS report, which, except for two sentences, was completely redacted.

40. As to paragraph 39., the FBOP defendants at Butner falsely alleged that the Plaintiff confronted staff.

41. The Plaintiff was ASKED, on August 11, 2016, by UNICOR Factory Manager Jamie Hoskins, to come into the dining hall, because Associate Warden S. Ma'at wanted to talk to them (Mr. Hoskins and the Plaintiff).

42. The SIS Report has NO information entered under "Staff Involved", "Others Involved", "Victim Statements", "Assailant Statements", and "Factual Findings".

43. As to paragraph 42., it states "** No information was found for the given criteria. **"

44. As to paragraph 39., the Plaintiff DID NOT have sufficient access to information, to defend himself properly, in this document, against the false allegations of FBOP staff members.

45. The Plaintiff, in a letter dated June 2, 2017, appealed the response of the FBOP (Request Number 2017-04802). (CMR#: 7016 2710 0000 1747 1170)

46. The appeal (DoJ-AP-2017-004799) was received at the Office of Information Policy on June 14, 2017.

47. The FBOP sent a supplemental response to BOP FOIA Request Number 2017-02957, dated August 3, 2017.

48. As to paragraph 47., the FBOP sent more Industrial Employment/ IPRS Action Report (Form 96), two of which were the retaliatory termination on 8-11-2016 (8-12-2016 on those forms), four (4) of which were an increase in grade (pay) through Grade 1 and the remainder were Form 44s (Work Performance Document).

# V. FACTUAL ALLEGATIONS

49. The Office of Information Policy, in a response dated September 26, 2017, remanded the Plaintiff's Request to the BOP for a further search for additional responsive records.

50. The FBOP in their response (BOP FOIA 2017-07249) to that remand, produced nine (9) pages and never stated what that 10th page was and/or contained.

51. As to paragraph 50., one of the documents was the SIS Report (3 pages), which had the bottom paragraph on page 1 of 3 unredacted, except for one line.

52. As to paragraph 50., the Summary, STG (threat group), CIMs (Central Inmate Monitoring), and ALL of the boxes on page 3 are STILL redacted, denying the Plaintiff due process, especially in light of the retaliatory actions that were taken against the Plaintiff, by the FBOP, WITHOUT making him aware of these [false] allegations.

53. As to paragraph 52., the first, second, and fifth sentences (at the bottom of Page 2 of 3 (BOP FOIA 2017-07249 2 of 10)) are inaccurate.

54. As to paragraph 52., the first, second, and fourth sentences after the redacted line at the bottom of the page are also inaccurate.

55. As to paragraphs 53. and 54., the second sentence before and the first sentence after the redacted line is false because the Plaintiff is only going to get training that is relative to <u>his job</u> and he is NOT going to have a problem with people (fellow inmate workers) getting training related to <u>their job</u>.

56. As to paragraphs 53. and 54., the first and last sentences at the bottom of page 2 (2 of 10) are false, because the Plaintiff would only file administrative remedies as a LAST resort.

Page 9 of 21

# V. FACTUAL ALLEGATIONS

57. As to paragraph 52., the second unredacted line in the "Summary" section DOES NOT specify WHY the Plaintiff was being investigated. See paragraph 41

58. As to paragraph 50., pages 4-8 (of 10)(5 pages) are from a newsletter and were not seen by the Plaintiff prior to August 11, 2016 or made known to the Plaintiff until he received them on November 6, 2017.

59. As to paragraph 58., the FBOP, to this day, has failed to show the Plaintiff how the newsletter is tied to him and, more importantly, how the views/actions in the newsletter are his views, through supporting documentation.

60. As to paragraph 50., page 9 of 10, shows the causal connection (attempted resolution of a pending Administrative Remedy) of the events that led to the retaliation against the Plaintiff.

61. As to paragraph 60., UNICOR Factory Manager Jamie Hoskins and (redacted section - AW Ma'at) stated that the Plaintiff "made threatening comments." and stated that he stated "He would do what he had to do to do." [sic].

62. As to paragraph 61., the FBOP HAS NOT produced the documentation that the Plaintiff requested - the FULL SIS Report - to allow him to see ALL of the information that was used as the basis for his retaliatory firing, administrative detention, and subsequent transfer.

63. As to paragraph 62., the Plaintiff DID NOT receive a shot (disciplinary incident report).

64. The Plaintiff filed an appeal (19 pages), dated December 11, 2017, of the adverse determination of the FBOP's Supplementary Response to Request Number 2017-04802 dated October 31, 2017. (Certified Mail Receipt Number: 7014 2120 0004 1487 9567)

# V. FACTUAL ALLEGATIONS

65. As to paragraph 64., the Plaintiff point out that an adverse action was taken against him, by FBOP staff members, who utilized falsified records and, to add insult to injury, the FBOP itself made adverse determinations to deny the Plaintiff access to those records and prevent him from clearing his name and to keep the public from learning about the disrespectful and illegal behavior of the offending FBOP staff members.

66. As to paragraph 65., the Plaintiff also pointed out how he lost $200/month from his job at UNICOR, defamation of character, a possible negative impact on his clemency application, which had been submitted a few months prior, and, most importantly, and priceless, the loss of the ability to talk to his father for the last two months of his life - the Plaintiff's father died on October 23, 2016.

67. SIS Officer Glass, on August 11, 2016, at the FCI Butner I (Medium) R+D holding cage, told the Plaintiff that, "someone' got in their feelings' because you filed a grievance."

68. As to paragraph 67., that "someone" was Associate Warden S. Ma'at, who told the Plaintiff, "... or we can fire you!!!", "You ain't got no union!!!" in that meeting in the dining hall on August 11, 2016. See Exhibit         (Page 9 of 10)

69. The Office of Information Policy received the appeal (DOJ-AP-2018-001767) to BOP Report Number 2017-07249 on December 20, 2017.

70. As to paragraph 67., the Office of Information Policy (Sean R. O'Neill) incorrectly characterized the Plaintiff's appeal as only being about the adequacy of the search for responsive records.

## V. FACTUAL ALLEGATIONS

71. The Office of Information Policy responded in a letter dated August 9, 2018, and submitted one (1) responsive document, which was NOT received with the letter.

72. As to paragraph 72., the Plaintiff, in a letter (3 pages) dated June 9, 2019, requested that that document be resent. (Certified Mail Receipt Number: 7018 2290 0000 1197 4492)

73. As to paragraph 70., it also concerned the duty of the FBOP to ensure the accuracy of records used in making any determination.

74. As to paragraph 70., the improper withholding of records, by the FBOP, was a central issue as well.

# VI. CAUSES OF ACTION

## Count I

75. The Plaintiff incorporates paragraphs 1. through 74. as though they were fully stated herein

76. The Federal Bureau of Prisons willfully and maliciously withheld responsive records from the Plaintiff.

## Count II

77. The Plaintiff incorporates paragraphs 1. through 76. as though they were fully stated herein.

78. The Federal Bureau of Prisons failed to produce the responsive records to the Plaintiff in a timely manner.

## Count III

79. The Plaintiff incorporates paragraphs 1. through 78. as though they were fully stated herein.

80. The Office of Information Policy did not make the Federal Bureau of Prisons accountable for their actions outlined in paragraphs 76. and 78..

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court:

A. Declare that the acts and omissions therein violated the Plaintiff's rights under the Constitution and/or the laws of the United States;

B. Order the Defendant (FBOP) to produce the documents that 1) show how the Plaintiff planned on creating a work stoppage in UNICOR; 2) show how the Plaintiff "intended to cause 'problems' in UNICOR"; show how the Plaintiff maintained "poor institutional adjustment" at FCI Butner [I(Medium)]; 4) show the address label of the mailpiece that this flyer was a part of; 5) show when and where the conversation about "the hammer" took place and to whom it was said to; 6) show the CIM case documentation that was supposed to be made available to the Plaintiff within thirty (30) days; 7) show the FULL unredacted version of the [SIS] Inmate Investigative Report to include the Summary, STGs (threat groups), CIMs (Central Inmate Monitoring - referenced in "6") above), Other Statements, Factual Findings, Conclusion, and Recommendation and CIMS Separation Warranted, to clear the Plaintiff.

C. Grant a jury trial on all issues triable by jury; and

D. Grant other just and equitable relief that this Honorable Court deems necessary.

Respectfully submitted,      Dated August 6, 2020

Joseph R. Mays, 43487-007, pro se
Federal Correctional Institution - Gilmer
PO Box 6000
Glenville, WV 26351-6000

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare and verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 6, 2020.

# CERTIFICATE OF SERVICE

I, Joseph R. Mays, do hereby certify that, on August __6th__, 2020, a true and correct copy of the complaint/pleading (14 pages), Motion to Compel (2 pages), Motion to Proceed In forma Pauperis (2 pages), Summons (2 pages), this Certificate of Service (1 page) and an accompanying letter to the Clerk of Court (1 page) for a total of (22) pages, was placed in the mailbox, with proper postage attached, at Federal Correctional Institution - Gilmer, in Glenville, WV, and filed pursuant to the "prison mailbox rule" in Houston v. Lack, 487 U.S. 266, 274-76 (1988) for delivery to the Clerk of Court for the United States District Court for the District of Columbia at 333 Constitution Avenue NW Room 1225 Washington, DC 20001

I, respectfully, ask the Clerk of Court to electronically file a copy of the filing above with:

US Attorney for the
District of Columbia
555 Fourth Street NW
Washington, DC 20530

/s/ _____

Joseph R. Mays, pro se
43487-007
Federal Correctional Institution - Gilmer
Po Box 6000
Glenville, WV 26351-6000

Page 21 of 21