UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH RANDOLPH MAYS, **)** | |
| **)** | |
| Plaintiff, **)** | |
| **)** | |
| v. **)** | Civil Action No. 20-2197 (CKK) |
| **)** | |
| FEDERAL BUREAU OF PRISONS, et al., **)** | |
| **)** | |
| Defendants. **)** | |
| **)** | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR SUMMARY JUDGMENT**

CHANNING D. PHILLIPS
D.C. Bar No. 415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

THOMAS W. DUFFEY
Assistant United States Attorney
555 Fourth Street, NW
Washington, D.C. 20530
(202) 252-2510
Thomas.duffey@usdoj.gov

Attorneys for the United States

**TABLE OF CONTENTS**

BACKGROUND AND FOIA REQUESTS AND RESPONSES ................................................. 1

    I.      FOIA Request No. 2017-02957 ................................................................... 1

    II.     FOIA Request No. 2017-04802 .................................................................. 2

    III.    FOIA  Request No. 2017-07249 ................................................................. 2

LEGAL STANDARDS .................................................................................................... 3

    I.      Summary Judgment Standard ................................................................... 3

    II.     Summary Judgment Standard in FOIA Cases ........................................ 4

    III.    Legal Requirements for Withholding Information under FOIA....................5

ARGUMENT ................................................................................................................ 6

    I.      BOP Properly Withheld Information Pursuant to Exemption 2 ............................ 6

    II.     BOP Properly Withheld Information Pursuant to Exemption 5......................7

    III.    BOP Properly Withheld Information Pursuant to Exemption 6......................9

    IV.    BOP Properly Withheld Information Pursuant to Exemption 7......................11

          A. Exemption 7(C) – Personal Privacy……………………………....…….......12

          B. Exemption 7(F) – Endanger Life or Physical Safety………………………….14

    V.      BOP Has Released All Reasonably Segregable Information…………………….16

CONCLUSION............................................................................................................. 17

# TABLE OF AUTHORITIES

Cases

*Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242 (1986)..................................................................................... 3, 4

*Armstrong v. Exec. Off. of the President*,

97 F.3d 575 (D.C. Cir. 1996)............................................................................ 16

*August v. FBI*,

328 F.3d 697 (D.C. Cir. 2003)............................................................................ 4

*Banks v. Dep't of Just.*,

538 F. Supp. 2d 228 (D.D.C. 2008)................................................................... 11

*Beltranena v. Dep't of State*,

821 F. Supp. 2d 167 (D.D.C. 2011)................................................................... 16

*Blanton v. Dep't of Just.*,

63 F. Supp. 2d 35 (D.D.C. 1999)...................................................................... 13

*Blanton v. Dep't of Just.*,

182 F. Supp. 2d 81 (D.D.C. 2002).................................................................... 14

*Brayton v. Office of U.S. Trade,*

*Rep.*, 641 F.3d 521 (D.C. Cir. 2011).................................................................. 4

*Carter v. Dep't of Com.*,

830 F.2d 388, n.13 (D.C. Cir. 1987)................................................................. 10

*Celotex Corp. v. Catrett*,

477 U.S. 317 (1986)...................................................................................... 3, 4

*Ctr. for Nat'l Policy Review on Race & Urban Issues v. Weinberger*,

502 F.2d 370 (D.C. Cir. 1974).......................................................................... 11

*Department of Justice v. Reporters Committee for Freedom of the Press*,

    489 U.S. 749 (1989)................................................................................................ 9, 12, 13

*Dep't of Air Force v. Rose*,

    425 U.S. 352 (1976)................................................................................................ 9

*Dep't of Def. v. Fed. Labor Relations Auth.*,

    510 U.S. 487 (1994)................................................................................................ 10

*Dep't of Just. v. Tax Analysts*,

    492 U.S. 136 (1989)................................................................................................ 4

*EPA v. Mink*,

    410 U.S. 73 (1973).................................................................................................. 8

*FTC v. Grolier Inc.*,

    462 U.S. 19 (1983).................................................................................................. 7

*Gallant v. NLRB*,

    26 F.3d 168 (D.C. Cir. 1994).................................................................................. 6

*Grand Central P'ship v. Cuomo*,

    166 F.3d 473 (2d Cir. 1999).................................................................................... 8

*Jefferson v. Dep't of Just.*,

    284 F.3d 172 (D.C. Cir. 2002)................................................................................ 11

*Jimenez v. FBI*,

    938 F. Supp. 21 (D.D.C. 1996)............................................................................... 14

*John Doe Agency v. John Doe Corp.*,

    493 U.S. 146 (1989)................................................................................................ 4

*Johnson v. Exec. Off. for U.S. Attorneys*,

   310 F.3d 771 (D.C. Cir. 2002) ................................................................. 16

*Judicial Watch, Inc. v. Food & Drug Admin.*,

   449 F.3d 141 (D.C. Cir. 2006) ................................................................... 8

*Keys v. Dep't of Just.*,

   830 F.2d 337 (D.C. Cir. 1987) ................................................................. 12

*Larson v. Dep't of State*,

   565 F.3d 857 (D.C. Cir. 2009) ................................................................... 5

*Long v. Dep't of Just.*,

   450 F. Supp. 2d 42 (D.D.C. 2006) ........................................................... 14

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,

   475 U.S. 574 (1986) ................................................................................... 3

*McGehee v. CIA*,

   697 F.2d 1095 (D.C. Cir. 1983) ................................................................. 5

*Mead Data Cent., Inc. v. Dep't of Air Force*,

   566 F.2d 242 (D.C. Cir. 1977) ............................................................. 5, 16

*Media Research Ctr. v. Dep't of Just.*,

   818 F. Supp. 2d 131 (D. D.C. 2011) ....................................................... 4, 5

*Military Audit Project v. Casey*,

   656 F.2d 724 (D.C. Cir. 1981) ............................................................... 5, 6

*Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*,

   71 F.3d 885 (D.C. Cir. 1995) ................................................................... 13

*Nat'l Treasury Emps. Union v. U.S. Customs Serv.*,

    802 F.2d 525 (D.C. Cir. 1986) ................................................................. 5

*News Syndicate v. Dep't of Just.*,

    438 F. Supp. 538 (D.D.C. 1977) ............................................................. 12

*NLRB v. Sears, Roebuck & Co.*,

    421 U.S. 132 (1975) ............................................................................ 7, 8

*Nuclear Regulatory Comm'n,*

    216 F.3d 1180 (D.C. Cir. 2000) ............................................................... 5

*Painting & Drywall Work Pres. Fund, Inc. v. HUD*,

    936 F.2d 1300 (D.C. Cir. 1991) ............................................................... 9

*Pinson v. Dep't of Just.*,

    236 F. Supp. 3d 338 (D.D.C. 2017) ....................................................... 14

*Pratt v. Webster*,

    673 F.2d 408 (D.C. Cir. 1982) ........................................................... 11, 12

*Privacy Info. Ctr. v. Dep't of Homeland Sec.*,

    384 F. Supp. 2d 100 (D.D.C. 2005) ......................................................... 8

*Pub. Emps. for Env't Responsibility v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-*

    *Mexico,*

    740 F.3d 195 (D.C. Cir. 2014) ............................................................... 14

*Reed v. NLRB*,

    927 F.2d 1249 (D.C. Cir. 1991) ............................................................. 10

*Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*,

    421 U.S. 168 (1975) ................................................................................ 8

*SafeCard Servs. Inc. v. SEC*,

    926 F.2d 1197 (D.C. Cir. 1991) .................................................................. 13

*Schrecker v. Dep't of Just.*,

    349 F.3d 657 (D.C. Cir. 2003) .................................................................... 13

*Spirko v. U.S. Postal Serv.*,

    147 F.3d 992 (D.C. Cir. 1998) ............................................................... 6, 13

*Stonehill v. IRS*,

    558 F.3d 534 (D.C. Cir. 2009) ...................................................................... 7

*Sussman v. U.S. Marshals Serv.*,

    494 F.3d 1106 (D.C. Cir. 2007) ................................................................. 16

*Sweats Fashion, Inc. v. Pannill Knitting Co.*,

    833 F.2d 1560 (Fed. Cir. 1987) .................................................................... 4

*Tao v. Freeh*,

    27 F.3d 635 (D.C. Cir. 1994) ....................................................................... 3

*Tax Analysts v. IRS*,

    294 F.3d 71 (D.C. Cir. 2002) ..................................................................... 12

*United States v. Weber Aircraft Corp.*,

    456 U.S. 792 (1984) ...................................................................................... 8

*Vaughn v. Rosen*,

    484 F.2d 820 (D.C. Cir. 1973) ..................................................................... 5

*Voinche v. FBI*,

    46 F. Supp. 2d 26 (D.D.C. 1999) .............................................................. 13

*Weisberg v. Dep't of Just.*,

627 F.2d 365 (D.C. Cir. 1980) ......................................................................................... 5

Statutes

5 U.S.C. § 552 .............................................................................................................. 1

5 U.S.C. § 552(b) ..................................................................................................... 4, 16

5 U.S.C. § 552(b)(2) .................................................................................................... 6

5 U.S.C. § 552(b)(5) .................................................................................................... 7

5 U.S.C. § 552(b)(6) .................................................................................................... 9

5 U.S.C. § 552(b)(7) ................................................................................................... 11

5 U.S.C. § 552(b)(7)(C) .............................................................................................. 12

5 U.S.C. § 552(b)(7)(F) .............................................................................................. 14

Rules

Fed. R. Civ. P. 56(a) ..................................................................................................... 3

Defendant, Federal Bureau of Prisons ("BOP" or "Defendant"), is entitled to judgment as a matter of law because, in response to Plaintiff's requests for information made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, BOP has produced all non-exempt documents responsive to the requests and properly withheld information pursuant to the statutory exemptions.   In support of its Motion for Summary Judgment, BOP hereby incorporates the accompanying Statement of Material Facts Not in Genuine Dispute ("SOMF"); the Declaration of Kelly Forbes ("Forbes Decl.") of the BOP, with attached exhibits "A" through "Q"; and *Vaughn* index (attached as Exhibit 1).

## BACKGROUND AND FOIA REQUESTS AND RESPONSES

Joseph Randolph Mays, Plaintiff herein, is currently serving a 45-year sentence for a January 14, 2011 conviction of murder in the District of Columbia.  He is presently housed in the Federal Correctional Institution in Glenville, WV.  Plaintiff submitted three FOIA requests to the BOP in 2017 which are the subject of this motion.  BOP has completed all searches regarding the requests and there are no additional records to produce.  Plaintiff filed a complaint on August 10, 2020, alleging BOP's purported failure to release information in violation of FOIA. (ECF No. 1).

## I.     FOIA REQUEST NO. 2017-02957

By letter dated January 29, 2017, Plaintiff submitted a FOIA request seeking the following: Form 409 (Request for Transfer/Application of Management Variable; UNICOR Maintenance Activity Log (2016); UNICORP/FPI Form 44 - Yearly Chronological FPI Work Performance Evaluation Form (October 2012-August 11, 2016); and UNICORP/FPI Form 96 – Inmate Industrial Employment Action (October 2012-August 11, 2016).  The request was received by BOP on February 17, 2017 and assigned tracking No. 2017-02957.  Forbes Decl. ¶¶ 11-12.  As set forth in the Forbes Declaration and the *Vaughn* index, BOP located three pages of responsive records.   Those three pages were released in part, and redactions were made pursuant to

Exemptions 6 and 7(C).  Forbes Decl. ¶ 13; *Vaughn* index at 1.  After appeal and supplemental review, an additional eleven pages were released to Plaintiff in full.  Forbes Decl. ¶¶ 14-18.

## II.   FOIA REQUEST NO. 2017-04802

By letter dated March 29, 2017, Plaintiff submitted a second FOIA request to BOP.  BOP received the request on May 12, 2017 and it was assigned tracking no. 2017-04802.  Forbes Decl. ¶¶ 29-30.  This request sought the following documents:

1.   SIS Investigative Report for an incident alleged to have occurred on August 11, 2016, at the Federal Correctional Institution I in Butner, North Carolina ("FCI Butner I");

2.   Copy of the "flyer(s)", including "Names of the Federal Bureau of Prisons Institutions that these 'flyers' were found/distributed to, including the dates, times, quantity of, and names of the staff member(s) who found them [flyers] and alerted the FBOP and/or UNICOR, specifically UNICOR Factory Manager Jamie Hoskins and Associate Warden S. Ma'at, to them [flyers].";

3.   Copies of the communications from all staff members listed above;

4.   Copy of the information on how, when, and where these "flyers" were created and who created them;

5.   Copy of the names of [Mays'] "contact" people;

6.   The date the "flyers" were put into circulation;

7.   A copy of the listing of all logged access to [Mays'] UNICOR computer access account; and,

8.   The date that [Mays'] UNICOR computer access account was closed.

*Id*.  As set forth in the Forbes Declaration and *Vaughn* Index, 3 pages of responsive records were located.  The pages were released to Plaintiff, with redactions pursuant to Exemptions 6, 7(C), and 7(F).  Forbes Decl. ¶¶ 31-32; *Vaughn* index at 3-4.

## III.   FOIA REQUEST NO. 2017-07249

In a letter dated June 2, 2017, Plaintiff appealed BOP's response to FOIA Request No. 2017-04802, which was received by BOP on June 14, 2017.  Forbes Decl. ¶¶ 43-44.  In a letter

dated September 26, 2017, BOP was directed to reopen the file and conduct an additional search. This appeal and additional search were assigned FOIA Request tracking no. 2017-07249. Forbes Decl. ¶¶ 46-47. In a response dated October 31, 2017, Plaintiff was provided with ten copies of documents responsive to his request. 5 pages were released in full, 4 pages were withheld in part, and 1 page was withheld in its entirety. BOP withheld the information pursuant to Exemptions 2, 5, 6, 7(C), and 7(F). Forbes Decl. ¶ 48; *Vaughn* index at 4-7.

In a letter received by the Office of Information Policy on December 20, 2017, Plaintiff appealed BOP's response to Request No. 2017-07429. The request was remanded for further processing, and Plaintiff was provided additional portions of one page of the previously provided documents. Forbes Decl. ¶¶ 49-50.

## **LEGAL STANDARDS**

### I.   **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when the pleadings and evidence show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Tao v. Freeh*, 27 F.3d 635, 638 (D.C. Cir. 1994). The party seeking summary judgment must demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 248. A genuine issue of material fact is one that "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. In determining whether a genuine issue of material fact exists, the trier of fact must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

"By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary

judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. 242, 247-48.  The moving party may discharge this burden by "'showing'—that is point out to the [Court]—that there is an absence of evidence to support the non-moving party's case." *Sweats Fashion, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1563 (Fed. Cir. 1987); *Celotex*, 477 U.S. at 332.  Once the moving party has met its burden, the non-moving party may not rest upon the mere allegations or denials of his pleadings and must establish more than "the mere existence of a scintilla of evidence" in support of its position.  *Anderson*, 477 U.S. at 252.  Summary judgment is thus due if the non-moving party fails to offer "evidence on which the jury could reasonably find for the [nonmovant]." *Id.*

## II.       SUMMARY JUDGMENT STANDARD IN FOIA CASES

FOIA requires that an agency release all records responsive to a properly submitted request unless such records are protected from disclosure by one or more of the Act's nine statutory exemptions.  5 U.S.C. § 552(b); *Dep't of Just. v. Tax Analysts*, 492 U.S. 136, 150-51 (1989).  FOIA's "nine enumerated exemptions are designed to protect those 'legitimate governmental and private interests' that might be 'harmed by release of certain types of information'" to the public at large.  *August v. FBI*, 328 F.3d 697, 699 (D.C. Cir. 2003) (quoting *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989)).

The "vast majority" of FOIA cases are decided on motions for summary judgment. *Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011); *Media Research Ctr. v. Dep't of Just.*, 818 F. Supp. 2d 131, 136 (D. D.C. 2011) ("FOIA cases typically and appropriately are decided on motions for summary judgment."); *Citizens for Responsibility & Ethics in Wash. v. Dep't of Labor*, 478 F. Supp. 2d 77, 80 (D. D.C. 2007) ("*CREW*").  An agency may be entitled to summary judgment in a FOIA case if it demonstrates that no material facts are in dispute, it has conducted an adequate search for responsive records, and each responsive record that it has located

either has been produced to the plaintiff or is exempt from disclosure. *Weisberg v. Dep't of Just.*, 627 F.2d 365, 368 (D.C. Cir. 1980).  To meet its burden, a defendant may rely on reasonably detailed and non-conclusory declarations.  *McGehee v. CIA*, 697 F.2d 1095, 1102 (D.C. Cir. 1983); *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973); *Media Research Ctr.*, 818 F. Supp. 2d at 137. "[T]he Court may award summary judgment solely on the basis of information provided by the department or agency in declarations when the declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'"  *CREW*, 478 F. Supp. 2d at 80 (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)).

## III.  LEGAL REQUIREMENTS FOR WITHHOLDING INFORMATION UNDER FOIA

The agency bears the burden of demonstrating that the documents it has withheld fall into one of the enumerated FOIA exemptions.  *Nat. Res. Def. Council, Inc. v. Nuclear Regulatory Comm'n*, 216 F.3d 1180, 1190 (D.C. Cir. 2000).  "[A]n agency's justification for invoking a FOIA exemption is sufficient if it appears 'logical' or 'plausible.'"  *Media Research Ctr.*, 818 F. Supp. 2d at 137 (quoting *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009)).

An agency may meet its burden to establish the applicability of an exemption by providing a *Vaughn* index to "permit adequate adversary testing of the agency's claimed right to an exemption."  *Nat'l Treasury Emps. Union v. U.S. Customs Serv.*, 802 F.2d 525, 527 (D.C. Cir. 1986) (citing *Mead Data Cent., Inc. v. Dep't of Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977).; *Vaughn*, 484 F.2d at 828).  The index must contain "an adequate description of the records" and "a plain statement of the exemptions relied upon to withhold each record."  *Nat'l Treasury*, 802 F.2d at 527 n. 9.

Additionally, although a *Vaughn* index is a common device used by agencies to meet its burden of proof, "the Court may award summary judgment solely on the basis of information provided by the department or agency in declarations when the declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *CREW*, 478 F. Supp. 2d at 80 (quoting *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981)); *Spirko v. U.S. Postal Serv.*, 147 F.3d 992, 998 n.4 (D.C. Cir. 1998) ("The form of the *Vaughn* index is unimportant and affidavits providing similar information can suffice.") (citing *Gallant v. NLRB*, 26 F.3d 168, 172-73 (D.C. Cir. 1994)).

## <u>ARGUMENT</u>

BOP is entitled to Summary Judgment because it properly withheld documents and information pursuant to applicable FOIA Exemptions and has released all reasonably segregable information.

## I.    **BOP PROPERLY WITHHELD INFORMATION PURSUANT TO EXEMPTION 2**

Exemption 2 protects disclosure of records and information "related solely to the internal personnel rules and practices of an agency."  5 U.S.C. § 552(b)(2).

As set forth in the Declaration of Kelly Forbes and the *Vaughn* index, BOP properly withheld information with respect to FOIA Request 2017-07249.  Exemption 2 was applied to withhold, in part, portions of pages 2 and 3 that were released to Plaintiff.  The information withheld from page 2 concerned the location in which the interview of Plaintiff took place, as it is related to the internal practice of BOP regarding how and where employees may conduct inmate interviews.  The information withheld from page 3 related to the internal practice of BOP regarding

the types of information to be considered during an inmate investigation..  Forbes Decl. ¶¶ 51-52;

*Vaughn* index at 5.

## II.    BOP PROPERLY WITHHELD INFORMATION PURSUANT TO EXEMPTION 5

Exemption 5 protects from disclosure "inter-agency or intra-agency memorandums or letters which would not be available by law to a party . . . in litigation with the agency." 5 U.S.C. § 552(b)(5).  This exemption applies to materials that would be privileged in the civil discovery context, including materials that would be protected by the deliberative process privilege, the attorney work product privilege, and the attorney-client privilege.  *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1975); *Stonehill v. IRS*, 558 F.3d 534, 538-39 (D.C. Cir. 2009). In *Stonehill*, the D.C. Circuit analyzed the interaction between Exemption 5 and the civil litigation discovery process and found Exemption 5 to be more expansive than civil discovery privileges. 558 F.3d at 539.  The D.C. Circuit explained that "not all documents available in discovery are also available pursuant to FOIA."  *Id.*  Exemption 5 protects "those memoranda which would not normally be discoverable in civil litigation against an agency," whereas in civil litigation "case-specific exceptions can sometimes permit discovery of otherwise privileged material." *Id* (internal citation and quotation omitted) (citing *FTC v. Grolier Inc.*, 462 U.S. 19, 28 (1983) ("It is not difficult to imagine litigation in which one party's need for otherwise privileged documents would be sufficient to override the privilege but that does not remove the documents from the category of the normally privileged.")).  Thus, Exemption 5 protects all information that would "not normally be discoverable in civil litigation against an agency," regardless of whether—if this were an ordinary civil suit—a litigant might be able to establish special circumstances justifying disclosure of the information in discovery.

In this case, BOP withheld information protected by the deliberative process privilege.  The deliberative process privilege naturally protects the "decision making processes of government

agencies." *Sears*, 421 U.S. at 150.  As the Supreme Court stated in *Department of Interior v. Klamath Water Users Protective Ass'n*, "deliberative process covers 'documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated.'" 532 U.S. 1, 8-9 (2001) (quoting *Sears*, 421 U.S. at 150 (internal quotation marks omitted)).  "The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance 'the quality of agency decisions,' *Sears*, 421 U.S. at 151, by protecting open and frank discussion among those who make them within the Government," *Klamath*, 532 U.S.  at 9 (citing *EPA v. Mink*, 410 U.S. 73, 86-87 (1973); *United States v. Weber Aircraft Corp.*, 456 U.S. 792, 802 (1984)).

To qualify for the deliberative process privilege, the government must show that the documents are both "pre-decisional" and "deliberative."  *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 186 (1975).  Documents are pre-decisional when they precede an agency decision and are prepared to assist an agency in arriving at its decision.  *Judicial Watch, Inc. v. Food & Drug Admin.*, 449 F.3d 141, 151 (D.C. Cir. 2006); *Grand Central P'ship v. Cuomo*, 166 F.3d 473, 482 (2d Cir. 1999).  Documents are deliberative when they comprise any part of the process by which government decisions are made.  *Id*; *Elec. Privacy Info. Ctr. v. Dep't of Homeland Sec.*, 384 F. Supp. 2d 100, 112-13 (D.D.C. 2005) ("[I]t is the document's role in the agency's decision-making process that controls.")

BOP withheld portions of records under the deliberative process privilege from FOIA Request No. 2017-07249. These records consist of internal discussions among BOP employees regarding conclusions drawn and recommendations considered following an investigation into the August 11, 2016 incident involving Plaintiff and a BOP staff member.  This information is subject

to deliberative process privilege because it is both pre-decisional (it predates a decision) and deliberative (it concerns recommendations and provides advice about a final decision concerning an investigation).  Forbes Decl. ¶¶ 53-56; *Vaughn* index at 5-6.

Furthermore, the information was also withheld since disclosure of this deliberative information could pose a risk to internal issues of safety and security, as it concerns the manner in which BOP staff manage the orderly running of the institution and its UNICOR operations. *Id.*

## III.   BOP PROPERLY WITHHELD INFORMATION PURSUANT TO EXEMPTION 6

Exemption 6 protects "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  *See* 5 U.S.C. § 552(b)(6). The Supreme Court has adopted a broad construction of the privacy interests protected by Exemption 6.  In *Department of Justice v. Reporters Committee for Freedom of the Press*, 489 U.S. 749, 763 (1989), the Court rejected a "cramped notion of personal privacy" under the FOIA's exemptions and instead emphasized that "privacy encompass[es] the individual's control of information concerning his or her person."  More specifically, the Court noted that "[p]rivacy is the claim of individuals . . . to determine for themselves when, how, and to what extent information about them is communicated to others."  *Id* at 764 n.16 (citation omitted).  Privacy is of particular importance in the FOIA context because a disclosure required by the FOIA is a disclosure to the public at large.  *Painting & Drywall Work Pres. Fund, Inc. v. HUD*, 936 F.2d 1300, 1302 (D.C. Cir. 1991) (finding that if information "must be released to one requester, it must be released to all, regardless of the uses to which it might be put").

Exemption 6 requires an agency to balance the individual's right to privacy against the public's interest in disclosure. *Dep't of Air Force v. Rose*, 425 U.S. 352, 372 (1976).  The agency must determine whether disclosure of the information threatens a protectable privacy interest; if so, the agency must weigh that privacy interest against the public interest in disclosure, if any.

*Reed v. NLRB*, 927 F.2d 1249, 1251 (D.C. Cir. 1991).  The "only relevant public interest in disclosure to be weighed in this balance is the extent to which disclosure would serve the core purpose of FOIA, which is contribut[ing] significantly to public understanding of the operations or activities of the government." *Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 495 (1994) (internal citation omitted).  Plaintiff bears the burden of demonstrating that the release of the withheld documents would serve this interest.  *Carter v. Dep't of Com.*, 830 F.2d 388, 390-92 n.8, n.13 (D.C. Cir. 1987).

As described in the Declaration of Kelly Forbes and in the *Vaughn* index, BOP properly withheld information pursuant to Exemption 6 in response to all three FOIA requests.  Regarding FOIA Request No. 2017-02957, Exemption 6 was applied to withhold information, in part, from 2 of the 3 pages provided.  The names of third-party individuals—staff members—who signed Plaintiff's Request for Transfer.  BOP has determined that these individuals have a privacy interest in their personal information and identity, and disclosure of the information would be an unwarranted invasion of their personal privacy.  Forbes Decl. ¶¶ 19-21; *Vaughn* index at 1.

With respect to FOIA Request No. 2017-04802, Exemption 6 was applied to withhold information from 3 pages of an Inmate Investigative Report.  Exemption 6 was applied to withhold the names of staff members who investigated the incident that occurred on August 11, 2016, wherein Plaintiff confronted a staff member.  The exemption was also applied to withhold, in part, names and information provided by a staff member detailing information obtained during an interview regarding the confrontation.  BOP determined that these third parties have a privacy information in their personal information and identities.  BOP further determined that release of the information could jeopardize their safety due to harassment and/or retaliation, which would in turn compromise the safety of the institution.  Forbes Decl. ¶¶ 32-33; *Vaughn* index at 3-4.

Personal information was likewise withheld pursuant to Exemption 6 from FOIA Request No. 2017-07249. The names of staff members who conducted the investigation into the August 11, 2016 incident were withheld for the same reasons as with Request No. 2017-04802 above. Forbes Decl. ¶¶ 57-58; *Vaughn* index at 4-6.

## IV. BOP PROPERLY WITHHELD INFORMATION PURSUANT TO EXEMPTION 7

Federal agencies must meet the threshold requirement of Exemption 7 before they may withhold requested documents based on any of its subparts. *Pratt v. Webster*, 673 F.2d 408, 416 (D.C. Cir. 1982). That threshold requires the records or information to be "compiled for law enforcement purposes." 5 U.S.C. § 552(b)(7). "In assessing whether records are compiled for law enforcement purposes . . . the focus is on how and under what circumstances the requested files were compiled . . . and whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding." *Banks v. Dep't of Just.*, 538 F. Supp. 2d 228, 239 (D.D.C. 2008) (citing *Jefferson v. Dep't of Just.,* 284 F.3d 172-77 (D.C. Cir. 2002)). The law to be enforced for FOIA Exemption 7 purposes includes administrative, regulatory, civil, and criminal law. *Ctr. for Nat'l Policy Review on Race & Urban Issues v. Weinberger*, 502 F.2d 370, 373 (D.C. Cir. 1974) (holding that an administrative determination has the "salient characteristics of 'law enforcement' contemplated" by Exemption 7 threshold requirement).

As explained in the declaration of Kelly Forbes and in BOP's *Vaughn* index, the records withheld under Exemption 7 were compiled by the BOP for law enforcement purposes. Forbes Decl. ¶¶ 22-28, 34-36, 59-61; *Vaughn* index at 1, 3-4, 5-7. As such, these records are subject to withholding under Exemption 7 if the other criteria thereunder are met. *Ctr. for Nat'l Policy Review*, 502 F.2d at 371.

Courts give great deference to a "criminal law enforcement agency[s']" assertion that its records were for law-enforcement purposes because government agencies "typically go about their

intended business." *Pratt v. Webster*, 673 F.2d 408 (D.C. Cir. 1982).  In light of that deference, the D.C. Circuit has opined that an agency need only show that the nexus between the agency's activity and its law-enforcement duties "must be based on information sufficient to support at least 'a colorable claim' of its rationality."  *Keys v. Dep't of Just.*, 830 F.2d 337, 340 (D.C. Cir. 1987) (quoting *Pratt*, 673 F.2d at 421); *Tax Analysts v. IRS*, 294 F.3d 71, 79 (D.C. Cir. 2002) (noting that the Exemption 7 threshold may be satisfied even where the records in question do not relate to a particular investigation).  Here, BOP correctly withheld information pursuant to Exemptions 7(C) and 7(F).

### A.    **Exemption 7(C)  - Personal Privacy**

Exemption 7(C) protects from mandatory disclosure records compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(7)(C).  This exemption is similar to Exemption 6, but broader in scope.  Unlike Exemption 6, Exemption 7(C) does not feature the word "clearly," thereby easing the burden on the agency.  *Cong. News Syndicate v. Dep't of Just.*, 438 F. Supp. 538, 541 (D.D.C. 1977).  In determining whether Exemption 7(C), the Court must balance the privacy interest of individuals mentioned in the records against the public interest in disclosure. *Reporters Comm.*, 489 U.S. at 776-780; *Lewis-Bey*, 595 F. Supp. 2d at 134 (citing *Beck v. Dep't of Just.*, 968 F.2d 1276, 1282 (D.C. Cir. 1992)).

 "In order to trigger the balancing of public interests against private interests, a FOIA requestor must (1) 'show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake,' and (2) 'show the information is likely to advance that interest."  *Boyd v. Crim. Div. of Dep't of Just.*, 475 F.3d 381, 387 (D.C. Cir. 2007) (citing *Favish*, 541 U.S. at 172).  If the public interest cited by a requestor in attempting to overcome the privacy exemption is official misconduct, then the requestor must "produce

evidence that would warrant a belief by a reasonable person that the alleged government impropriety might have occurred." *Id.* at 387 (citing <u>*Favish*</u>, 541 U.S. at 172).

"[T]he only public interest relevant for purposes of Exemption 7(C) is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis*, 968 F.2d at 1282 (quoting *Reporters Comm*, 489 U.S. at 773).  Details that "reveal little or nothing about an agency's own conduct" are not part of the public interest for purposes of Exemption 7(C).  *Blanton v. Dep't of Just.*, 63 F. Supp. 2d 35, 41 (D.D.C. 1999) (quoting Davis, 968 F.2d at 1282); *SafeCard Servs. Inc. v. SEC*, 926 F.2d 1197, 1206 (D.C. Cir. 1991) (public interest in disclosure of third party identities is "insubstantial").   In the absence of any evidence that the government agency has engaged in illegal activity, information that interferes with a third party's privacy is exempt from disclosure.  *Spirko v. U.S. Postal Serv.*, 147 F.3d 992, 999 (D.C. Cir. 1998); *Voinche v. FBI*, 46 F. Supp. 2d 26, 33 (D.D.C. 1999).

BOP correctly applied Exemption 7(C) to all three of Plaintiff's FOIA requests.  BOP invoked Exemption 7(C) to withhold most of the same information that it withheld under Exemption 6: the names and personal identifying information of law enforcement personnel.  Forbes Decl. ¶¶ 22-28; *Vaughn* index at 1 (FOIA Request No. 02957); Forbes Decl. 34-36; *Vaughn* index at 3-4 (FOIA Request No. 2017-04802); Forbes Decl. ¶¶ 59-61; *Vaughn* index at 4-7 (FOIA Request No. 2017-07249).   BOP has determined, correctly, that the individual privacy interests in withholding the redacted information outweigh the public interest in disclosure and, as such, it is exempt from disclosure under Exemption 7(C).  *Schrecker v. Dep't of Just.,* 349 F.3d 657, 661 (D.C. Cir. 2003) (holding that Exemption 7(C) protects the privacy interests of any third party mentioned in law enforcement records, unless there is an overriding public interest in disclosure); *Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 896 (D.C. Cir. 1995) (holding

that, as a general rule, "third party identifying information contained in law enforcement records is categorically exempt from disclosure").

### B.    <u>Exemption 7(F) - Endanger Life or Physical Safety</u>

FOIA Exemption 7(F) exempts from disclosure information that "could reasonably be expected to endanger the life or physical safety of any individual." 5 U.S.C. § 552(b)(7)(F); *Pub. Emps. for Env't Responsibility v. U.S. Section, Int'l Boundary & Water Comm'n, U.S.-Mexico*, 740 F.3d 195, 200 (D.C. Cir. 2014) ("*PEER*"). "While courts generally have applied Exemption 7(F) to protect law enforcement personnel or other specified third parties, by its terms, the exemption is not so limited; it may be invoked to protect "any individual" reasonably at risk of harm." *Long v. Dep't of Just.*, 450 F. Supp. 2d 42, 79 (D.D.C. 2006). *Blanton v. Dep't of Just*, 182 F. Supp. 2d 81, 86 (D.D.C. 2002) ("Withheld identities also may include non-law enforcement persons who assist the government in its criminal investigation."); *Jimenez v. FBI*, 938 F. Supp. 21, 30 (D.D.C. 1996) (Exemption 7(F) "affords broad protection to the identities of individuals mentioned in law enforcement files," including the "names and identifying information" of confidential sources). The D.C. Circuit has described the language of Exemption 7(F) as "very broad" and has held that "[d]isclosure need not definitely endanger life or physical safety; a reasonable expectation of endangerment suffices." *PEER*, 740 F.3d at 205. Exemption 7(F) does not operate as a balancing test, but as an absolute ban against disclosure of certain information. *Pinson v. Dep't of Just.*, 236 F. Supp. 3d 338, 370 n.62 (D.D.C. 2017)

BOP has properly asserted Exemption 7(F) to withhold information from FOIA Request Nos. 2017-04802 and 2017-07249. BOP did this to protect BOP employees from having their names and identifying information released so they would not be subject to harassment, physical attacks, threats, and manipulation.

- 14 -

Exemption 7(F) was applied to withhold, in part, information obtained following an investigation into the incident of August 11, 2016, when Plaintiff confronted a staff member.  The information withheld consists of the results of a staff member's interview with Plaintiff, documents reviewed during the course of the investigation, conclusions drawn following the investigation into the incident, and recommendations made to ensure and promote the orderly running of both the institution, FCI Butner I, and the UNICOR operation at the institution.  Revealing the identities of third-party individuals who conducted the investigation, as well as the information learned through the investigation and the conclusions drawn, could subject these individuals to retaliation, threats, harassment, or could result in a threat to their safety and to those BOP staff committed to their protection pursuant to their law enforcement mandate.  Forbes Decl. ¶¶ 37-41; *Vaughn* index at 3-4 (FOIA Request No. 2017-04802); Forbes Decl. ¶¶ 62-64; *Vaughn* index at 4-7 (FOIA Request No. 2017-07249).

BOP also applied Exemption 7(F) to withhold Plaintiff's monitoring and classification within the BOP, as well as the information relied upon to make the monitoring and classification decisions.  BOP uses monitoring and classification information to manage the inmate population.  Disclosure of the monitoring and classification information would enable inmates to evade the monitoring techniques, which in turn could reasonably be expected to endanger the life or physical safety of staff, inmates, and the general public that these monitoring techniques are designed to protect.  Every effort was made to release all segregable information without disclosing the classification and monitoring information used by the BOP.   Forbes Decl. ¶ 42; *Vaughn* index at 3-4 (FOIA Request No. 2017-04802); Forbes Decl. ¶ 65; *Vaughn* index at 4-7 (FOIA Request No. 2017-07249).

## V.      BOP HAS RELEASED ALL REASONABLY SEGREGABLE INFORMATION

Under FOIA, "[a]ny reasonably segregable portion of a record shall be provided to any

person requesting such record after deletion of the portions which are exempt."  5 U.S.C. § 552(b).

"It has long been a rule in this Circuit that non-exempt portions of a document must be disclosed

unless they are inextricably intertwined with exempt portions."  *Mead Data Cent., Inc. v. Dep't of

Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977).  Although the agency "must provide a 'detailed

justification' for its non-segregability," it "is not required to provide so much detail that the exempt

material would be effectively disclosed."  *Johnson v. Exec. Off. for U.S. Attorneys*, 310 F.3d 771,

776 (D.C. Cir. 2002) (quoting *Mead Data*, 566 F.2d at 261).  All that is required is that the

government show "with reasonable specificity" why a document cannot be further segregated.

*Armstrong v. Exec. Off. of the President*, 97 F.3d 575, 578-79 (D.C. Cir. 1996) (internal citations

omitted); *Beltranena v. Dep't of State*, 821 F. Supp. 2d 167 (D.D.C. 2011) (upholding redactions

under Exemption 3 where the declarant provides that the withheld information contained "no

information that may be reasonably segregated and released, such as visa applications or other

records that were previously in Plaintiff's possession.").  "Agencies are entitled to a presumption

that they complied with the obligation to disclose reasonably segregable material," which must be

overcome by some "quantum of evidence" by the requester.  *Sussman v. U.S. Marshals Serv.*, 494

F.3d 1106, 1117 (D.C. Cir. 2007).

BOP has asserted in its Declaration and *Vaughn* index that it has reviewed each record to

identify information exempt from disclosure and determined that there is no additional meaningful,

non-exempt information that can be reasonably segregated and released from the information

being withheld.  Forbes Decl. ¶¶ 21, 28, 33, 36, 41-42, 52, 56, 58, 61 and 65.  Therefore, all

segregable information has been released, and Defendant is entitled to judgment as a matter of

law.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendant respectfully requests that this Court grant summary judgment in its favor on all of Plaintiff's claims.

Dated:  March 19, 2021

Respectfully submitted,

CHANNING D. PHILLIPS
D.C. Bar No. 415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: <u>/s/*Thomas W. Duffey*</u>
THOMAS W. DUFFEY
Assistant United States Attorney
555 Fourth Street, NW
Washington, D.C. 20530
(202) 252-2510
Thomas.duffey@usdoj.gov

Attorneys for the United States