UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPH RANDOLPH MAYS, | |
| Plaintiff, | |
| v. | No. 1:20-CV-02197-CKK |
| FEDERAL BUREAU OF PRISONS and OFFICE OF INFORMATION POLICY, UNITED STATES DEPARTMENT OF JUSTICE, | |
| Defendants. | |

## DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

Pursuant to Local Civil Rule 7(h), Defendant Bureau of Prisons ("BOP"), by and through undersigned counsel, respectfully submits the following Statement of Facts as to Which There is no Genuine Issue.  These facts are taken from the Declaration of Kelly Forbes of BOP, which accompanies BOP's Motion for Summary Judgment.

1.  Kelly Forbes is employed by the United States Department of Justice, Federal Bureau of Prisons ("BOP") as a Paralegal for Consolidated Legal Center located at the Federal Correctional Complex in Butner, North Carolina ("FCC Butner").  Forbes Decl. ¶ 1.

2.  Kelly Forbes is familiar with the Complaint filed by plaintiff, Joseph Mays, Federal Register Number 43487-007, seeking disclosure of records he sought through a Freedom of Information Act ("FOIA") request to the BOP.  *Id* at 2.

3.  Plaintiff is currently in service of 45-year sentence for a conviction of murder in the District of Columbia. *Id* at 4.

1

4.    Kelly Forbes is familiar with the procedures followed by the Central Office and the Mid-Atlantic Regional Office ("MARO") of the BOP in responding to requests made pursuant to FOIA.  *Id* at 5.

5.    In his Complaint, Plaintiff challenges the BOP's purported failure to properly respond to FOIA Request Nos. 2017-02957, 2017-04802, and 2017-07249. *Id* at 10; ECF No. 1.

## FOIA REQUEST NO. 2017-02957

6.    On February 17, 2017, the FOIA/PA Section with BOP's Central Office received a FOIA request from Plaintiff, Register Number 43487-007, seeking copies of various records, including:

a.    Form 409 (Request for Transfer/Application of Management Variable);
b.    UNICOR Maintenance Activity Log (2016);
c.    UNICOR/FPI Form 44 – Yearly Chronological FPI Work Performance Evaluation Form (October 2012 – August 11, 2016); and,
d.    UNICOR/FPI Form 96 – Inmate Industrial Employment Action (October 2012 – August 11, 2016).  Forbes Decl. ¶ 11.

7.    The request was assigned to MARO for processing, and the MARO FOIA processor assigned it FOIA Request No. 2017-02957 and placed it into the MARO's queue for processing.  *Id* at 12.

8.    In a response dated March 9, 2017, Plaintiff was provided copies of three (3) pages of documents which were determined to be responsive to his request. *Id* at 13.

9.    In a letter received by the Office of Information Policy ("OIP") on May 12, 2017, Plaintiff appealed the BOP's response to FOIA Request No. 2017-02957.  *Id* at 14.

10.    In a letter dated August 9, 2017, Plaintiff was notified that his appeal, number DOJ-AP-2017-004187, of the BOP's response to FOIA Request No. 2017-02957 was being remanded to the BOP for further review and processing of records located subsequent to his appeal.  *Id* at 16.

11.   In a letter dated August 9, 2017, the BOP's FOIA/PA Section received the Administrative Appeal Remand Memorandum containing instructions for processing the appeal following remand of FOIA Request No. 2017-02957. The memorandum directed the BOP to reopen the file and to "process the responsive records located subsequent to the appeal and produce all releasable records directly to the requester." *Id* at 17.

12.   In a response dated August 3, 2017, Plaintiff was provided with a supplemental response to FOIA Request No. 2017-02957. The supplemental response consisted of eleven (11) pages of responsive documents, which were released to Plaintiff in full. *Id* at 18.

13.   The three (3) pages originally provided to Plaintiff in the March 9, 2017 response to FOIA Request No. 2017-02957 were withheld in part based upon FOIA Exemption 5. *Id* at 19.

14.   Exemption 6 was applied to withhold, in part, pages one (1) and two (2) of the initial three pages provided. *Id* at 20.

15.   Exemption 6 was applied to withhold, in part, the name of the staff members who signed the Request for Transfer/Application of Management Variable (dated September 28, 2016), located at pages 1 and 2, of the initial documents provided to Plaintiff in the March 9, 2017 response. *Id* at 21.

16.   Exemption 7(C) was applied to withhold in part portions of pages 1 and 2. *Id* at 26.

17.   The segregability analysis addressing the withholding of information was applied regarding information withheld pursuant to Exemption 7(C). *Id* at 28

## FOIA Request No. 2017-04802

18.   On May 12, 2017, the FOIA/PA Section with BOP's Central Office received a FOIA request from Plaintiff, Register Number 43487-007, seeking copies of various records, including:

3

a. SIS Investigative Report for an incident alleged to have occurred on August 11, 2016, at the Federal Correctional Institution I in Butner, North Carolina ("FCI Butner I");

b. Copy of the "flyer(s)", including "Names of the Federal Bureau of Prisons Institutions that these 'flyers' were found/distributed to, including the dates, times, quantity of, and names of the staff member(s) who found them [flyers] and alerted the FBOP and/or UNICOR, specifically UNICOR Factory Manager Jamie Hoskins and Associate Warden S. Ma'at, to them [flyers].";

c. Copies of the communications from all staff members listed above;

d. Copy of the information on how, when, and where these "flyers" were created and who created them;

e. Copy of the names of [Mays'] "contact" people;

f. The date the "flyers" were put into circulation;

g. A copy of the listing of all logged access to [Mays'] UNICOR computer access account; and,

h. The date that [Mays'] UNICOR computer access account was closed. *Id* at 29.

19. This request was assigned to MARO for processing, and the MARO FOIA processor assigned it FOIA Request No. 2017-04802 and placed it into the MARO's queue for processing. *Id* at 30.

20. In a response dated May 23, 2017, Plaintiff was provided copies of 3 pages of documents which were determined to be responsive to his request.  Portions of the released documents were withheld, in part, pursuant to proper FOIA exemptions. *Id* at 31.

21. Exemption 6 was applied to withhold, in part, portions of all three (3) pages released to Plaintiff in response to FOIA Request No. 2017-04802. *Id* at 32.

22. Exemption 6 was applied to withhold, in part, the names of the staff members who conducted an investigation into an incident that occurred on August 11, 2016. Additionally, Exemption 6 was applied to withhold, in part, the names and information provided by a staff member, detailing information obtained from Plaintiff during an interview regarding the incident. *Id* at 33

23.     Exemption 7(C) was applied to withhold, in part, portions of all three (3) pages released to Plaintiff in response to FOIA Request No. 2017-04802.

24.     Exemption 7(C) was applied to withhold in part portions of pages 1 and 2 of 3, for privacy reasons.  Specifically, the information withheld consists of the names of third-party staff members.  *Id* at 35.

25.     The segregability analysis addressing the withholding of information was applied regarding information withheld pursuant to Exemption 7(C). *Id* at 36.

26.     Exemption 7(F) was applied to withhold, in part, portions of all three (3) pages released to Plaintiff in response to FOIA Request No. 2017-04802. *Id* at 37.

27.     Specifically, exemption 7(F) was applied to withhold documents contained in Plaintiff's Special Investigative Services ("SIS") File, which were compiled as part of Plaintiff's incarceration with the BOP pursuant to its law enforcement mission of protecting inmates, staff, and the community.  *Id* at 40.

28.     Exemption 7(F) was applied to withhold, in part, information obtained following an investigation into an incident that occurred on August 11, 2016, when Plaintiff confronted a staff member.  The information withheld consisted of the results of a staff member's interview with inmate Mays, documents reviewed during the course of the investigation, conclusions drawn following the investigation into the incident, and recommendations made to ensure and promote the orderly running of both the institution, FCI Butner I, and the UNICOR operation at the institution.  *Id* at 41

29.     Exemption 7(F) was also applied to pages 1 through 3 to withhold Plaintiff's monitoring and classification within the BOP, as well as the information relied upon to make the monitoring and classification decisions.  The BOP uses monitoring and classification information to manage the inmate population.  Disclosure of the monitoring and

5

classification information would enable inmates to evade the monitoring techniques, which in turn could reasonably be expected to endanger the life or physical safety of staff, inmates, and general public that these monitoring techniques are designed to protect. *Id* at 42

### FOIA Request No. 2017-07249

30.    In a letter received by the Office of Information Policy ("OIP") on June 14, 2017, Plaintiff appealed the BOP's response to FOIA Request No. 2017-04802.   Plaintiff contended that the documents provided were not fully responsive to his request, and contended there should be additional responsive documents. *Id* at 43.

31.    In a letter dated June 20, 2017, Plaintiff was notified that his administrative appeal from the action of the BOP regarding FOIA Request No. 2017-04802 had been received by the OIP on June 14, 2017.  The appeal was assigned the number DOJ-AP-2017-004799. *Id* at 44.

32.    In a letter dated September 26, 2017, inmate Mays was notified that his appeal, number DOJ-AP-2017-004799, of the BOP's response to FOIA Request No. 2017-04802 was being remanded to the BOP for further processing of the responsive records and for a further search for additional records.  Id at 45.

33.    In a letter dated September 26, 2017, the BOP's FOIA/PA Section received the Administrative Appeal Remand Memorandum containing instructions for processing the appeal following remand of FOIA Request No. 2017-04802.  The memorandum directed the BOP to reopen the file and to: 1) conduct an additional search for two records identified as attachments to the Incident Report, specifically "staff memos" and "flyer circulating"; and, 2) reconsider the withholdings to the Incident Report, particularly whether Exemption 5 might be properly applied, and whether there is any information

6

that can be further segregated for release or if there is an overall reason why Exemption 7F is applicable to nearly the entirety of the report.  *Id* at 46.

34.   This appeal was assigned to MARO for processing, and the MARO FOIA processor assigned it FOIA Request No. 2017-07249 and placed it into the MARO's queue for processing.  *Id* at 47.

35.   In a response dated October 31, 2017, Plaintff was provided copies of ten (10) pages of documents which were determined to be responsive to his request.  Portions of the released documents were withheld, in full or in part, pursuant to FOIA exemptions.  Five (5) pages were released in full, four (4) pages were released in part, and one (1) page was withheld in full.  *Id* at 48.

36.   In a letter received by the Office of Information Policy ("OIP") on December 20, 2017, Plaintiff appealed the BOP's response to FOIA Request No. 2017-07429 (supplemental response to FOIA Request No. 2017-04802, DOJ-AP-2017-004799).  *Id* at 49.

37.   In a letter dated August 9, 2018, Plaintiff was notified that his appeal, assigned number DOJ-AP-2018-001767, of the BOP's response to FOIA Request No. 2017-07249 was affirmed, on partly modified grounds, and that he was being provided with additional portions of one page of the previously provided responsive documents.  *Id* at 50.

38.   Exemption 2 was applied to withhold, in part, portions of pages 2-3 of the documents released to Plaintiff in response to FOIA Request No. 2017-07249.  *Id* at 51.

39.   The information contained on page 2, withheld in part under Exemption 2, consists of the specific location where the investigating staff member conducted the interview of Plaintiff, regarding the August 11, 2016 incident.  The information contained on page 3, withheld in part under Exemption 2, consists of a summary of records gathered during the investigation of the August 11, 2016, including statements made by staff members.  The

withheld information related solely to the internal practice of the BOP regarding how and where inmate interviews are conducted, and the types of information considered during the course of an investigation. *Id* at 52.

40. Exemption (b)(5) was applied to withhold, in part, portions of page 3 of the documents released to Plaintiff in response to FOIA Request No. 2017-07249, specifically the conclusions drawn from, and recommendations made following, the investigation into the August 11, 2016 incident. *Id* at 56.

41. Exemption 6 was applied to withhold, in part or in full, portions of pages 1-3, and 9-10, of the documents released to Plaintiff in response to FOIA Request No. 2017-07249. *Id* at 57.

42. Exemption 6 was applied to withhold, in part, the names of the staff members who conducted an investigation into an incident that occurred on August 11, 2016, wherein Plaintiff confronted a staff member. Additionally, Exemption 6 was applied to withhold, in part, the names and information provided by staff members, detailing information obtained from Plaintiff during an interview regarding the confrontation. *Id* at 58.

43. Exemption 7(C) was applied to withhold, in part or in full, portions of pages 1-3, and 9-10, of the documents released to Plaintiff in response to FOIA Request No. 2017-07249. *Id* at 59.

44. Exemption 7(C) was applied to withhold in part portions of pages 1 and 2 of 3 for privacy reasons. *Id* at 60.

45. Exemption 7(F) was applied to withhold, in part or in full, portions of pages 1-3, and 9-10, of the documents released to Plaintiff in response to FOIA Request No. 2017-07249. *Id* at 62.

46. Specifically, exemption 7(F) was applied to withhold documents contained in Plaintiff's Special Investigative Services ("SIS") File, which were compiled as part of his incarceration with the BOP pursuant to its law enforcement mission of protecting inmates, staff, and the community.  *Id* at 63.

47. Exemption 7(F) was applied to withhold, in part, information obtained following an investigation into an incident that occurred on August 11, 2016, when Plaintiff confronted a staff member.  The information withheld consisted of the results of a staff member's interview with Plaintiff, documents reviewed during the course of the investigation, conclusions drawn following the investigation into the incident, and recommendations made to ensure and promote the orderly running of both the institution, FCI Butner I, and the UNICOR operation at the institution.  *Id* at 64.

48. Exemption 7(F) was also applied to pages 1 through 3 to withhold Plaintiff's monitoring and classification within the BOP, as well as the information relied upon to make the monitoring and classification decisions.  The BOP uses monitoring and classification information to manage the inmate population.  *Id* at 65.

Dated:  March 19, 2021

Respectfully submitted,

CHANNING D. PHILLIPS
D.C. Bar No. 415793
Acting United States Attorney

BRIAN P. HUDAK
Acting Chief, Civil Division

By: */s/Thomas W. Duffey*
THOMAS W. DUFFEY
Assistant United States Attorney
555 Fourth Street, NW
Washington, D.C. 20530
(202) 252-2510
Thomas.duffey@usdoj.gov

Attorneys for the United States