VAUGHN INDEX
Mays v. Federal Bureau of Prisons, et al.
Civil Action No. 1:20-cv-02197-CKK

**FOIA Request No. 2017-02957 – March 9, 2017 Release**
Documents Withheld in Part

| Page Number | Description | Exemption | Justification |
|---|---|---|---|
| 1 | Request for Transfer/Application of Management Variable | (b)(6) (b)(7)(C) | Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party individuals. Disclosure of this information would be an unwarranted invasion into the personal privacy of these third-parties. |
| 2 | UNICOR Work Performance Document | (b)(6) (b)(7)(C) | Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party individuals. Disclosure of this information would be an unwarranted invasion into the personal privacy of these third-parties. |
| 3 | UNICOR Work Performance Evaluation Record | None – released in full | |

**FOIA Request No. 2017-02957 – August 3, 2017 Supplemental Release**
Documents Withheld in Part

| Page Number | Description | Exemption | Justification |
|---|---|---|---|
| 1 | Yearly Chronological UNICOR Work Performance Evaluation Record (09-01-15 to 03-01-16) | None – released in full. | |
| 2 | UNICOR Industrial Employment/IPRS Action Report (effective date 08-12-16) | None – released in full | |

1

| Page Number | Description | Exemption | Justification |
|---|---|---|---|
| 3 | UNICOR Industrial Employment/IPRS Action Report (effective date 09-01-12) | None – released in full | |
| 4 | UNICOR Industrial Employment/IPRS Action Report (effective date 06-01-13) | None – released in full | |
| 5 | UNICOR Industrial Employment/IPRS Action Report (effective date 03-01-13) | None – released in full | |
| 6 | UNICOR Industrial Employment/IPRS Action Report (effective date 12-01-12) | None – released in full | |
| 7 | UNICOR Industrial Employment/IPRS Action Report (effective date 10-24-12) | None – released in full | |
| 8 | UNICOR Work Performance Document (8/11/16) | None – released in full | |
| 9 | Yearly Chronological UNICOR Work Performance Evaluation Record (09-01-15 to 06-01-16 | None – released in full | |
| 10 | UNICOR Work Performance Evaluation Record (10-01-13 to 03-31-14) | None – released in full | |
| 11 | UNICOR Industrial Employment/IPRS Action Report (effective date 08-12-16) | None – released in full | |

**FOIA Request No. 2017-04802 – May 23, 2017 Release**
Documents Withheld in Part

| Page Number | Description | Exemption | Justification |
|---|---|---|---|
| 1 | Inmate Investigative Report – Page 1 of a three-page written report of an investigation into an incident that occurred on August 11, 2016, involving inmate Mays and an institution staff member. | (b)(6)<br>(b)(7)(C)<br>(b)(7)(F) | Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party individuals. Disclosure of this information would be an unwarranted invasion into the personal privacy of these third-parties.<br><br>Exemption (b)(7)(F) was used to withhold the name of the staff member conducting the investigation, as well as inmate Mays' suspected role in the incident, as this information could reasonably be expected to endanger the life or physical safety of third-party individuals. |
| 2 | Inmate Investigative Report – Page 2 of the written report of an investigation into an incident that occurred on August 11, 2016, involving inmate Mays and an institution staff member. | (b)(6)<br>(b)(7)(C)<br>(b)(7)(F) | Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party individuals. Disclosure of this information would be an unwarranted invasion into the personal privacy of these third-parties.<br><br>Exemption (b)(7)(F) was used to withhold the name of the staff member conducting the investigation, as well as information concerning inmate Mays' security classification and information learned during the course of an interview with inmate Mays. Disclosure of this information could reasonably be expected to endanger the life or physical safety of third-party individuals. |

| Page Number | Description | Exemption | Justification |
|---|---|---|---|
| 3 | Inmate Investigative Report – Page 2 of the written report of an investigation into an incident that occurred on August 11, 2016, involving inmate Mays and an institution staff member. | (b)(6)<br>(b)(7)(C)<br>(b)(7)(F) | Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party individuals. Disclosure of this information would be an unwarranted invasion into the personal privacy of these third-parties.<br><br>Exemption (b)(7)(F) was used to withhold the information gathered and reviewed during the course of the investigation, as well as the conclusions drawn as a result of the investigation and recommendations made to ensure the orderly running of the institution and the institution's UNICOR operations. Disclosure of this information could reasonably be expected to endanger the life or physical safety of third-party individuals. |

**FOIA Request No. 2017-07249 – October 31, 2017 Release**
Documents Withheld in Part and in Full

| Page Number | Description | Exemption | Justification |
|---|---|---|---|
| 1 | Inmate Investigative Report – Page 1 of a three-page written report of an investigation into an incident that occurred on August 11, 2016, involving inmate Mays and an institution staff member. | (b)(6)<br>(b)(7)(C)<br>(b)(7)(F) | Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party individuals. Disclosure of this information would be an unwarranted invasion into the personal privacy of these third-parties.<br><br>Exemption (b)(7)(F) was used to withhold the name of the staff member conducting the investigation, as well as other staff members involved in the investigation, as this information could reasonably be expected to |

| Page Number | Description | Exemption | Justification |
|---|---|---|---|
| | | | endanger the life or physical safety of third-party individuals. |
| 2 | Inmate Investigative Report – Page 2 of the written report of an investigation into an incident that occurred on August 11, 2016, involving inmate Mays and an institution staff member. | (b)(2)<br>(b)(6)<br>(b)(7)(C)<br>(b)(7)(F) | Exemption (b)(2) was applied to the information concerning the location in which the interview of inmate Mays took place, as it is related solely to the internal practice of the BOP regarding how and where inmate interviews are conducted.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party individuals. Disclosure of this information would be an unwarranted invasion into the personal privacy of these third-parties.<br><br>Exemption (b)(7)(F) was used to withhold the name of the staff member conducting the investigation, as well as information concerning inmate Mays' security classification and information learned during the course of an interview with inmate Mays. Disclosure of this information could reasonably be expected to endanger the life or physical safety of third-party individuals. |
| 3 | Inmate Investigative Report – Page 2 of the written report of an investigation into an incident that occurred on August 11, 2016, involving inmate Mays and an institution staff member. | (b)(2)<br>(b)(5)<br>(b)(6)<br>(b)(7)(C)<br>(b)(7)(F) | Exemption (b)(2) was applied to the information concerning the information reviewed in the course of the investigation, as it is related solely to the internal practices of the BOP regarding the types of information considered during the course of an investigation.<br><br>Exemption (b)(5) was applied to withhold the conclusions drawn, and recommendations made, following the investigation.  Disclosure of this |

| Page Number | Description | Exemption | Justification |
|---|---|---|---|
| | | | deliberative information could pose a risk to internal issues of safety and security, as it concerns the manner in which staff manage the orderly running of the institution and the institution's UNICOR operations.<br><br>Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party individuals, as well as the information provided by staff members during the course of the investigation. Disclosure of this information would be an unwarranted invasion into the personal privacy of these third-parties.<br><br>Exemption (b)(7)(F) was used to withhold the information gathered and reviewed during the course of the investigation, as well as the conclusions drawn as a result of the investigation and recommendations made to ensure the orderly running of the institution and the institution's UNICOR operations. Disclosure of this information could reasonably be expected to endanger the life or physical safety of third-party individuals. |
| 4-8 | Five (5) page flyer | None, released in full | |
| 9 | Staff memorandum dated August 11, 2016, concerning Inmate Joseph Mays, Register Number 42487-007 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(F) | Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party individuals. Disclosure of this information would be an unwarranted invasion into the personal privacy of these third-parties.<br><br>Exemption (b)(7)(F) was used to withhold the names of the staff |

| Page Number | Description | Exemption | Justification |
|---|---|---|---|
| | | | member who authored the memorandum, as well as the staff member the memorandum was addressed to and the staff members referenced in the body of the memorandum.  Disclosure of this information could reasonably be expected to endanger the life or physical safety of third-party individuals. |
| 10 | Staff memorandum dated August 12, 2016, concerning Inmate Joseph Mays, Register Number 42487-007 | (b)(6)<br>(b)(7)(C)<br>(b)(7)(F) | Exemptions (b)(6) and (b)(7)(C) were applied to withhold the names of third-party individuals, including both staff members and a third-party inmate.  Disclosure of this information would be an unwarranted invasion into the personal privacy of these third-parties.<br><br>Exemption (b)(7)(F) was used to withhold the memorandum in full, as it contains information provided a third-party inmate, and is concerning inmate Mays and statements made by him.  Disclosure of this information could reasonably be expected to endanger the life or physical safety of third-party individuals. |